# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

WARD SMITH II,                    )
        Plaintiff,        )
                     )
v.                                )
                     )     Case No: 21-cv-2260-JAR-TJJ
AMAZON.COM SERVICES LLC,          )
                     )
        Defendant.        )

## <u>ORDER</u>

Plaintiff, proceeding *pro se*, filed his Complaint asserting claims against Defendant for unlawful employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964. This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 4). Plaintiff requests that the Court appoint an attorney to represent him. For the reasons set forth below, Plaintiff's motion for the appointment of counsel is denied without prejudice.

While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no right to appointment of counsel.[1] For employment discrimination cases under Title VII of the Civil Rights Act of 1964, the court may appoint counsel "in such circumstances as the court may deem just."[2]

The Tenth Circuit has identified the following relevant factors for evaluating motions for the appointment of counsel in Title VII cases: "(1) financial inability to pay for counsel, (2)

---

[1] *Lee v. Crouse*, 284 F. Supp. 541, 543-44 (D. Kan. 1967) ("There is no absolute right to appointment of counsel in either habeas corpus or civil rights actions.").

[2] 42 U.S.C. § 2000e-5(f)(1) states that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security."

diligence in attempting to secure counsel and (3) meritorious allegations of discrimination."[3] In addition, a fourth factor, "plaintiff's capacity to present the case without counsel" should be considered in close cases as an aid in exercising discretion.[4] The court must keep in mind that Congress has not provided any mechanism for compensating such appointed counsel, therefore "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time."[5]

With regard to the second factor, this Court requires non-incarcerated plaintiffs in civil cases to show they have made reasonably diligent efforts under the circumstances to obtain an attorney to represent them. The Court typically requires plaintiffs to confer with at least five attorneys regarding legal representation and to list those attorneys in the motion.

A review of Plaintiff's motion reveals that Plaintiff only consulted with the EEOC twice by email before filing his motion. The Court therefore finds that Plaintiff has not made an affirmative showing he made reasonable efforts or attempts to secure counsel prior to filing his motion for appointment of counsel. The Court will therefore deny Plaintiff's motion without prejudice. If Plaintiff contacts at least five attorneys and finds he is still unable to obtain legal representation, he may then file a renewed motion seeking appointment of counsel. The renewed motion shall identify the particular attorneys whom he has contacted.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of

---

[3] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

[4] *Id.*

[5] *Id.*

Counsel (ECF No. 4) is denied without prejudice.

Dated in Kansas City, Kansas, on this 23rd day of June 2021.

Teresa J. James
U. S. Magistrate Judge