## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**WARD SMITH II,**

    **Plaintiff,**

    **v.**

                            **Case No. 21-CV-2260-JAR-TJJ**

**AMAZON.COM SERVICES LLC,**

    **Defendant.**

---

## MEMORANDUM AND ORDER

Plaintiff Ward Smith II, proceeding pro se, filed suit against Defendant Amazon.com Services LLC on June 9, 2021.  Plaintiff received leave to file an amended complaint and filed it in October, asserting an employment discrimination claim and nine other claims.  Defendant filed an answer.  Plaintiff has now filed a Motion for Judgment on the Pleadings (Doc. 22).  He asserts that the parties have settled the case, but as of the date of filing his motion, Defendant had not executed the settlement agreement.  Plaintiff asserts that he states a claim in his amended complaint and is entitled to judgment on the pleadings.  The motion is fully briefed, and the Court is prepared to rule.  For the reasons stated below, the Court denies Plaintiff's motion.

### I.      Legal Standard

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  The standard for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as that applied to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[1]  To obtain judgment on the pleadings, the moving party must demonstrate that the pleadings reveal no material issues of fact

---

[1] *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013).

to be resolved.[2]  All reasonable inferences from the pleadings are construed in the non-moving party's favor.[3]  If the motion is brought by the plaintiff, the "critical question is whether the defendant's answer raises issues of fact that would defeat the plaintiff's recovery."[4]

Because Plaintiff proceeds pro se, the Court must construe his pleadings liberally and apply a less stringent standard than that which applies to attorneys.[5]  "Nevertheless, [Plaintiff] bears 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'"[6]  The Court may not provide "additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[7]

## II.    Factual and Procedural Background

Plaintiff worked for Defendant in 2020 and claims that he was sexually harassed due to his gender and retaliated against for speaking up about it.  The parties state that they have entered into a settlement agreement.  Plaintiff states in his motion for judgment on the pleadings that Plaintiff signed the settlement agreement on October 11, 2021, but as of the date Plaintiff filed his motion (October 13, 2021), Defendant had not returned the executed agreement.  Defendant states in its response that the matter has been resolved by way of settlement and that it has proposed a stipulation of dismissal for Plaintiff to sign.  Defendant states that Plaintiff is only willing to sign the stipulation of dismissal on the condition that it would be void if the Court grants Plaintiff's motion for judgment on the pleadings.  Thus, Defendant has not filed a

---

[2] *Cessna Fin. Corp. v. JetSuite, Inc.*, 437 F. Supp. 3d 914, 919 (D. Kan. 2020).

[3] *Id.*

[4] *Volvo Fin. Servs. v. JRD Contracting, Inc.*, No. 17-0089-WS-B, 2017 WL 8941065, at *2 (S.D. Ala. July 7, 2017).

[5] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citation omitted).

[6] *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[7] *Whitney*, 113 F.3d at 1173–74 (citing *Hall*, 935 F.2d at 1110).

stipulation of dismissal and requests that the Court rule on Plaintiff's motion.  Plaintiff did not file a reply.

## III.    Discussion

Plaintiff brings his motion asserting that the Court should grant judgment in his favor on the pleadings.  Although not entirely clear, he also asserts that the Court should craft a settlement between Plaintiff and Defendant based on the pleadings.

Defendant argues that Plaintiff's motion has no merit, and Plaintiff is not entitled to judgment as a matter of law based on the pleadings.  Defendant states that its answer denies the material allegations related to liability and thus raises questions of fact, making judgment on the pleadings inappropriate.  For example, Plaintiff alleges, in paragraph nine of his amended complaint, that he was discriminated against because of his gender and provides details of an incident between himself and another employee.  Defendant, in its answer, denies this allegation and the incidents as described.  In addition, Defendant asserts ten affirmative defenses.  Thus, there are disputed issues of fact.  Accordingly, Plaintiff cannot establish that there are no issues of material fact to be resolved, and he is not entitled to judgment on the pleadings.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Judgment on the Pleadings (Doc. 22) is **denied**.

**IT IS SO ORDERED.**

Dated: November 18, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE