IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WARD SMITH II,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC,<br><br>    Defendant. | Case No. 21-CV-2260-JAR |

## MEMORANDUM AND ORDER

Plaintiff Ward Smith II, proceeding pro se, filed suit against Defendant Amazon.com Services LLC, primarily asserting an employment discrimination claim. The parties reached a settlement. After briefing by the parties as to the validity of the settlement agreement, the Court enforced the agreement between the parties and dismissed the case with prejudice. Plaintiff is now before the Court with a motion entitled, "Motion to Reopen Case" (Doc. 35). Defendant has responded, and Plaintiff did not file a reply. For the reasons stated below, the Court denies Plaintiff's motion.

### I.   Factual and Procedural Background

Plaintiff filed suit against Defendant in June 2021, and he filed an Amended Complaint in October 2021 asserting an employment discrimination claim and other "claims."[1] The parties negotiated a settlement agreement. Plaintiff then filed several motions seeking to set aside the settlement agreement, and Defendant filed a motion to enforce the settlement agreement.

---

[1] Plaintiff's other "claims" were simple statements such as "stand your ground law" and "castle doctrine." The bulk of his Amended Complaint related to employment discrimination and/or retaliation.

On January 21, 2022, the Court denied Plaintiff's motions and granted Defendant's motion to enforce the settlement agreement.[2] The Court found that a binding contract was made between the parties. In addition, although Plaintiff asserted numerous reasons as to why the settlement agreement was invalid, the Court rejected Plaintiff's contentions and determined that he did not offer any valid reason for not enforcing the settlement agreement.[3] Thus, the Court enforced the settlement agreement and entered a judgment that same day dismissing the case with prejudice.

Seven months after dismissal of the case, Plaintiff is again before the Court. He requests to reopen the case and either correct or rescind the settlement agreement. Defendant opposes Plaintiff's motion.

## II.   Legal Standard

Federal Rule of Civil Procedure 60(b) permits a district court to relieve a party from a final judgment or order on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud. . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason that justifies relief.[4]

Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances."[5]

---

[2] Doc. 33.

[3] Plaintiff asserted incapacity, misrepresentation, mistake, duress, and undue influence as reasons why the settlement agreement was unenforceable or invalid.

[4] Fed. R. Civ. P. 60(b).

[5] *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (citation omitted).

**III.    Discussion**

Plaintiff requests that the Court reopen the case to authorize him to "amend/correct all inadvertent errors/omissions" made to the settlement agreement between him and Defendant.[6] Plaintiff claims that he is disabled and that he was "experiencing severe decision making impairments" when he entered into the settlement agreement with Defendant.[7] He also contends that he did not know that he entered into a settlement agreement. Plaintiff seeks to rescind the agreement and requests that the Court order Plaintiff and Defendant to re-enter settlement procedures.

Defendant asserts that Plaintiff does not cite to any authority to support his request to reopen the case. Defendant proceeds on the theory that Plaintiff is bringing a Rule 60(b) motion for relief from judgment, but it argues that Plaintiff does not assert any valid reason under the rule for the Court to relieve Plaintiff from the final judgment. In addition, Defendant contends that the Court already considered and rejected the same arguments made by Plaintiff.

Plaintiff's motion does not cite to any law. He simply states that he is disabled and was not represented by counsel, and that because of these two facts, he "could not generate any complete understanding" of the settlement agreement.[8] Yet, Plaintiff previously asserted similar arguments when he previously moved to set aside or strike the settlement agreement. In denying that motion, the Court determined that Plaintiff failed to assert any valid reason to set it aside.[9] Plaintiff still fails to assert a valid reason.

---

[6] Doc. 35 at 1.

[7] *Id.*

[8] *Id.* at 2.

[9] Doc. 33. The Court will not set forth its reasons again in this Order as they are all contained in its previous Order.

3

Plaintiff did not appeal the Court's January 21, 2022 Order, and the time to do so has long expired. Now, seven months after the Court's Order, Plaintiff seeks to reopen the case and rescind the settlement agreement. To the extent that Plaintiff seeks relief from a final judgment under Rule 60(b), he does not identify any circumstance entitling him to such relief. Nor does he provide any valid reason to "reopen" the case and set aside the settlement agreement.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reopen Case (Doc. 35) is **denied**.

**IT IS SO ORDERED.**

Dated: October 3, 2022

S/ Julie A. Robinson<br>
JULIE A. ROBINSON<br>
CHIEF UNITED STATES DISTRICT JUDGE